IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT MACARTHUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-1010-JDT-egb |
| | ) | |
| MELISA BRETTING, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER
*IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE

On January 8, 2016, Plaintiff Scott MacArthur, who was, at the time, incarcerated at the Marshall County Jail ("Jail") in Lewisburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Middle District of Tennessee, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States District Judge Kevin H. Sharp issued an order on January 14, 2016, granting leave to proceed *in forma pauperis,* assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PRLA"), 28 U.S.C. §§ 1915(a)-(b), and transferring the case to this district, where venue is proper. (ECF No. 3.) On May 5, 2016, Plaintiff notified the Clerk that he had been released from the Jail and provided his current address. (ECF No. 16.)

Under the PLRA, 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the

opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. However, in this case, the filing fee was not paid prior to Plaintiff's release from the Jail. Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, Plaintiff is ORDERED to submit either a non-prisoner *in forma pauperis* affidavit or the $400 filing fee[1] within thirty (30) days after the date of this order. The Clerk shall mail Plaintiff a copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff is ultimately granted leave to proceed *in forma pauperis*, he will not be responsible for the additional $50 fee.