UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SCOTT MACARTHUR, | ) |
|     Plaintiff, | ) ) ) |
| VS. | ) ) No. 1:16-1010-JDT-egb |
| MELISA BREITLING, | ) ) ) |
|     Defendant. | ) |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT,
DENYING ALL PENDING MOTIONS AS MOOT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On January 8, 2016, Plaintiff Scott MacArthur ("MacArthur"), who was, at the time, an inmate at the Marshall County Jail ("Jail") in Lewisburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion for leave to proceed *in forma pauperis* in the U.S. District Court for the Middle District of Tennessee. (ECF Nos. 1 & 2.) The complaint concerns MacArthur's previous confinement at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. On January 14, 2016, U.S. District Judge Kevin H. Sharp issued an order granting leave to proceed *in forma pauperis*, assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), and transferring the case to this district where venue is proper. (ECF No. 3.) On May 5, 2016, MacArthur notified the Clerk that he

had been released from the Jail. (ECF No. 16.) On May 6, 2016, this Court directed MacArthur to submit a non-prisoner *in forma* pauperis affidavit or the $$400 filing fee. (ECF No. 17.) MacArthur submitted the affidavit on May 18, 2016. (ECF No. 18.)

When a prisoner is released after the filing fee is assessed pursuant to the PLRA but before the fee is fully paid, the Sixth Circuit has held that "the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, the Plaintiff has now submitted the appropriate non-prisoner *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion for leave to proceed *in forma pauperis* is GRANTED.

The Clerk shall record the Defendants as Dr. Melisa Breitling[1] in her individual and official capacities and Corrections Corporation of America ("CCA").

## I. The Complaint

MacArthur alleges that in April 2013, he was arrested and placed in the Jail where he was seen by Dr. Kenneth Mathews, who is not a party to this complaint, and placed on pain management prescription of 600 mg of neurotin twice daily. (Compl. at 5, ECF No. 1.) In January 2014, MacArthur was sent to Bledsoe County Correctional Complex ("BCCX") to be classified for state prison. While at the BCCX he was put on the same

---

[1] The Clerk is DIRECTED to correct the spelling of Defendant Melissa Breitling's name.

2

pain management program and given medical classification for restrictions. (*Id.*) In January 2014,[2] MacArthur was moved to the HCCF.

MacArthur contends that he was seen by Defendant Breitling on January 23, 2014, where she examined MacArthur and removed him from his pain medication. (*Id.*) MacArthur alleges that Dr. Breitling refused to review his outside medical records from Dr. Mathews and BCCX, choosing only to review his pharmaceutical records. (*Id.*)

On February 13, 2014, MacArthur was moved to the top bunk in unit GC cell 107, which is a top tier cell requiring MacArthur to walk up fifteen steps. (*Id.* at 6.) MacArthur alleges that he has a health restriction that states no stairs and bottom bunk. (*Id.*) MacArthur immediately wrote an inmate request to be moved to a lower level cell bottom bunk, but he was left in that cell until he wrote an inquiry on February 17, 2014. (*Id.*) MacArthur contends that he spoke with his counselor, Mrs. Tisdale, but she did nothing to help him. (*Id.*) MacArthur filed a grievance on February 17, 2014, but was told that he grievance was not written the right way. (*Id.*) On March 3, 2014, he was placed on a bottom floor, bottom bunk. (*Id.*)

MacArthur alleges that starting on March 3, 2014, he wrote medical slips every day, but received no response, requiring him to file a written grievance on March 17, 2014 in an attempt to see Defendant Breitling. (*Id.*) MacArthur contends that his knees were so bad that he had to request a wheelchair or a cane. (*Id.*) On April 8, 2014, MacArthur had to file a motion in federal court in middle Tennessee to be moved into

---

[2] MacArthur states that he was moved to the HCCF in January 2013. This is apparently an error as he earlier alleged that he was initially incarcerated in April 2013 and later states that his incarceration at the HCCF was in January 2014.

another facility in order to get the proper medical care and medication. (*Id.* at 6-7.) MacArthur contends that on April 21, 2014, U.S. District Court Chief Judge William Haynes, Jr. stated that the HCCF had denied him proper medical care, and MacArthur was subsequently moved to the Lois M. DeBerry Special Needs Facility ("SPND") in Nashville, Tennessee. (*Id.* at 7.) MacArthur was put on Tylenol #3 with codeine and neurontin per Dr. Selcedo. (*Id.*)

On June 1, 2014, MacArthur alleges that he was transferred back to the HCCF against Judge Haynes's order. (*Id.*) Upon returning to the HCCF, MacArthur says he wrote of letter of inquiry and showed both Defendant Breitling and Former Warden Donahue his court order to SPND, but they did nothing to help him return to SPND. (*Id.*) MacArthur further alleges that Defendant Breitling, after looking at his medical chart from SPND, again took him off of the prescribed medicine from Dr. Selcedo. (*Id*. at 7-8.)

MacArthur alleges that on June 25, 2014, after a meeting with his mental health doctor Stephanie Fraon, she noted that he needed to be returned to SPND. (*Id.*) MacArthur filed a motion to appear before Judge Haynes to see why he had been returned to the HCCF. (*Id.*) A week before the hearing, on July 31, 2014, the HCCF ran a special transport to return MacArthur to SPND. (*Id.*)

MacArthur alleges that Defendants Breitling and CCA were negligent in their medical care for him by not giving him the proper medicine or treatment and by not

abiding by his medical restrictions. (*Id.*) MacArthur contends that he suffered months of pain inflicted by Defendants' actions. (*Id.* at 9.)[3]

MacArthur seeks monetary relief for the pain inflicted by Defendants Breitling and CCA. (*Id.* at 10.)

III. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more

---

[3] On February 17, 2016, MacArthur filed a Statement of Undisputed facts which provides additional detail regarding his medical diagnosis both prior to and after being transferred to the HCCF, but which does not add any additional claims or expand the time period for the claims. (ECF No. 6.)

5

than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure.

6

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

MacArthur filed his typed complaint under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial

officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Claims against Defendant Breitling in her official capacity are properly brought against her employer, CCA, which is a named defendant. However, the complaint does not allege a viable claim against CCA. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CCA "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against CCA, MacArthur "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* The complaint does not

adequately allege that MacArthur suffered any injury because of an unconstitutional policy or custom of CCA.

MacArthur's claims against Defendant Breitling, which starts with his transfer to the HCCF and ends at his transfer back to SPND on July 31, 2014, are time barred. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tennessee Code Annotated § 28-3-104(a)(3). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). The events described in the original complaint and in MacArthur's statement of undisputed facts occurred well more than one year before MacArthur signed his complaint, January 2016; therefore, any claims arising from those incidents are time barred.

For the foregoing reasons, MacArthur's complaint is subject to dismissal in its entirety for failure to state a claim on which relief may be granted.

IV. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state

a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, because the deficiencies in MacArthur's complaint cannot be cured, leave to amend is not warranted.

V. Conclusion

The Court DISMISSES MacArthur's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Leave to amend is DENIED because the deficiencies in MacArthur's complaint cannot be cured. All other pending motions DENIED.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate

10

Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by MacArthur, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This

11

"strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                      **s/James D. Todd**
                                      JAMES D. TODD
                                      UNITED STATES DISTRICT JUDGE